UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATS PRODUCTS INC., <br><br> Plaintiff(s), <br><br> v. <br><br> FRANK GHIORSO, THERMALGUARD TECHNOLOGY LLC, THERMALGUARD LLC, <br><br> Defendant(s). | No. C10-4880 BZ <br><br> **ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW** |

Defendants move pursuant to Rule 50(b) of the Federal Rules of Civil Procedure for judgment as a matter of law on the grounds that the damages awarded by the jury to Plaintiff are speculative; that Plaintiff's claims for interference with contractual relations and breach of fiduciary duty are preempted by the California Uniform Trade Secrets Act[1]; and that Plaintiff cannot bring a claim for breach of fiduciary duty against Ghiorso because there is no evidence that Shea

---

[1] Defendants' preemption argument pertaining to Plaintiff's interference with contractual relations claim will not be addressed because the jury found in favor of Defendants on this claim and the issue is therefore moot.

1

Tech assigned its tort claims to Plaintiff.[2]

A motion for judgment as a matter of law should be granted if the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict.[3] For the reasons set forth below, Defendants motions are **DENIED**.[4]

Defendants first argue that the damages award is speculative because there was no testimony regarding how to apportion damages on a trade secret-by-trade secret basis. (Def.'s Mot. at 2.) In trade secrets claims, however, damages need not be calculated with absolute precision. Tri-Tron Int'l v. Velto, 525 F.2d 432, 437 (9th Cir. 1975) ("The general rule that prohibits evidence of speculative profits does not apply to uncertainty as to the *amount* of the profits

---

[2] All parties have consented to magistrate judge jurisdiction for all proceedings including entry of final judgment, pursuant to 28 U.S.C. § 636(c).

[3] A jury verdict can be overturned and a post-trial motion for judgment as a matter of law granted "only if, under the governing law, there can be but one reasonable conclusion as to the verdict. In other words, the motion should be granted only if 'there is no legally sufficient basis for a reasonable jury to find for that party on that issue.'" Winarto v. Toshiba Am. Elecs. Components, Inc., 274 F.3d 1276, 1283 (9th Cir. 2001). In reviewing the motion, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable evidentiary inferences in favor of the non-moving party. Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000); Josephs v. Pac. Bell, 443 F.3d 1050, 1062 (9th Cir. 2006).

[4] A party must make a motion for judgment as a matter of law under Rule 50(a) before a case is submitted to the jury. Defendants did so here, and I deferred ruling on the motion. Defendants then renewed their motion under Rule 50(b). In ruling on the renewed motion, the court may either "allow judgment on the verdict, if the jury returned a verdict," or "order a new trial," or "direct the entry of judgment as a matter of law." Fed. R. Civ. P. 50(b).

which would have been derived, but to uncertainty or speculation as to *whether* loss of profits was the result of the wrong and whether any such profits would have been derived at all.") (emphasis added); see also Trade Secrets Practice in California (Cont.Ed.Bar 2nd ed. 1996), § 12.20, pp. 438-39 ("Although the plaintiff must prove damages, complete precision is not required.  Evidence of speculative profits, speculative lost profits, or speculation as to the *existence* of damages are improper, but once the existence of damages or lost profits has been established, the courts are much more lenient in determining the *amount* of damages." (citations omitted).  Damages need only rest on a "reasonable basis" (Tri-Tron, 525 F.2d at 436; see also Stott v. Johnston, 36 Cal. 2d 864, 874 (1951); American Loan Corp. v. California Commercial Corp., 211 Cal. App. 2d 515, 524 (1963)), and unless "the amount is grossly excessive or monstrous, clearly not supported by the evidence, or based only on speculation or guesswork," the jury's award must be upheld.  Los Angeles Memorial Coliseum Comm'n v. NFL, 791 F.2d 1356, 1360 (9th Cir. 1986); see also Zhang v. Am. Gem Seafoods, Inc., 339 F.3d 1020, 1040 (9th Cir. 2003).

    Here, the jury was instructed that Plaintiff had the burden to show that it was "reasonably certain" that Plaintiff would have earned profits but for Defendants' conduct, and that while any damages award for lost profits "need not be calculated with mathematical precision" there must be a

///
///

3

"reasonable basis for computing the loss."[5] Plaintiff presented evidence that Gilgwang/Dong Myung paid $500,000 to Thermalguard Technology, LLC and to Ghiorso for the misappropriated information, and Plaintiff also presented evidence of lost profits through its expert witness. There was some evidence of the costs Defendants incurred in reaching a deal with Gilgwang/Dong Myung, upon which the jury could have relied in awarding damages. Out of the 13 trade secrets submitted to the jury, it found that Defendants misappropriated 7 of them. Given that the jury found that most, although not all, of the trade secrets had been misappropriated (and that Ghiorso breached a fiduciary duty owed to Plaintiff), its damages award was neither grossly excessive nor unreasonable given the evidence presented. Defendants' motion is therefore **DENIED**.

Defendants next argue that since there was no evidence that Shea Tech assigned its tort claims to Plaintiff, Plaintiff is not the real party in interest and cannot bring a claim against Ghiorso for breach of fiduciary duty. "Every action must be prosecuted in the name of the real party in interest ... ." Code Civ. Proc. § 367; see also Del Mar Beach Club Owners Assn. v. Imperial Contracting Co., 123 Cal. App. 3d 898, 906 (1981) ("Generally, 'the person possessing the right sued upon by reason of the substantive law is the

///

///

---

[5] The jury was also instructed on unjust enrichment as an alternative means of awarding damages.

4

real party in interest.'").[6] An assignment is a transfer of title or ownership to another person. Commercial Discount Co. v. Cowen, 18 Cal. 2d 610, 614 (1941). To be effective, an assignment must include manifestation by the owner of his intention to transfer the right, without further action, to a third party. McCown v. Spencer, 8 Cal. App. 3d 216, 225 (1970). "The burden of proving an assignment falls upon the party asserting rights thereunder." Cockerell v. Title Ins. & Trust Co., 42 Cal. 2d 284, 292 (1954). "In an action by an assignee to enforce an assigned right, the evidence must not only be sufficient to establish the fact of assignment when that fact is in issue, but the measure of sufficiency requires that the evidence of assignment be clear and positive to protect an obligor from any further claim by the primary obligee." Id.

Here, the record established that Plaintiff received an assignment of Shea Tech's rights and that Plaintiff therefore is the real party in interest and has standing to sue for breach of fiduciary duty. Plaintiff presented evidence that Shea Tech assigned its tort claims to Plaintiff. The Bill of Sale (Joint Exhibit 82), executed by L.E. Shea on behalf of Shea Tech and as the trustee of the Shea Family Trust, and by Jeff Shea on behalf of Plaintiff, states that Shea Tech is transferring all of its assets (defined broadly as "all

---

[6] A plaintiff who is not the real party in interest lacks standing to sue. Lack of standing is a jurisdictional defect. Gantman v. United Pacific Reliance, 232 Cal. App.3d 1560, 1566 (1991); Pillsbury v. Kamgard, 22 Cal. App. 4th 743 (1994).

5

Intellectual Property," "all contract rights," and all of Shea Tech's goodwill, covenants not to compete, trade secrets and trade names) "without limitation" and "to the fullest extent permitted by law."[7] (Joint Exhibit 82, ¶¶ 1-3.)  Given the breadth of this assignment, there is sufficient evidence in the record from which the jury could have concluded that Shea Tech manifested an intent to transfer its rights, including its right to bring any tort claims against current or former Shea Tech agents or employees, to Plaintiff.  See Cockerell, 42 Cal.2d at 291 (holding that no particular form of assignment is required as long as the assignor manifests an intention to transfer the right).

Finally, Defendants argue that Plaintiff's common law claim for breach of fiduciary duty is preempted by the California Uniform Trade Secrets Act ("CUTSA").  The CUTSA explicitly states that it does not preempt claims which derive from "(1) contractual remedies, whether or not based upon misappropriation of a trade secret, (2) other civil remedies that are not based upon misappropriation of a trade secret, or (3) criminal remedies, whether or not based upon misappropriation of a trade secret."  Cal. Civ. Code § 3426.7(b).  While the California Supreme Court has yet to weigh in on the issue, California courts "have held that where

---

[7] The Bill of Sale defines "Intellectual Property" as "any and all patents, trade secrets, trade names, know-how, and other property of an intellectual character owned by [Shea Tech], specifically including any and all intellectual property concerning: (a) Shea Resins, including Fireban® Contracts, contracts, covenants not to compete, goodwill, *and other intangible assets concerning those items*." (Joint Exhibit 82) (emphasis added).

6

a claim is based on the 'identical nucleus' of facts as a trade secrets misappropriation claim, it is preempted by CUTSA." Silicon Image, Inc. v. Analogix Semiconductor, Inc., Case No. 07-0635, 2007 U.S. Dist. LEXIS 39599, 2007 WL 1455903 at *9 (N.D. Cal. 2007) (citing Digital Envoy, Inc. v. Google, Inc., 370 F. Supp. 2d 1025, 1033 (N.D. Cal. 2005)); see also Silvaco Data Systems v. Intel Corp., 184 Cal. App. 4th 210, 236 (2010) ("CUTSA provides the exclusive civil remedy for conduct falling within its terms, so as to supersede other civil remedies 'based upon misappropriation of a trade secret.'") (quoting Cal. Civ. Code § 3426.7) *disapproved on other grounds as stated in* Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 337 (2011); K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc., 171 Cal. App. 4th 939, 958 (2009) ("The UTSA therefore 'preempts' all common law claims that are 'based on the same nucleus of facts as the misappropriation of trade secrets claim for relief.'") (quoting Digital Envoy, Inc. v. Google, Inc., 370 F. Supp. 2d 1025, 1035 (N.D. Cal. 2005)); Jardin v. DATAllegro, Inc., Case No. 10-2552, 2011 U.S. Dist. LEXIS 84509 (S.D. Cal. July 29, 2011) (". . . to avoid CUTSA preemption, a claim must 'retain sufficient independent facts' to be viable after the trade secret facts are removed.'") (quoting Gabriel Techs. Corp. v. Qualcomm Inc., Case No. 08-1992, 2009 U.S. Dist. LEXIS 98379, 2009 WL 3326631, at *12 (S.D. Cal Sept. 3, 2009)). In other words, preemption generally applies where "there is no material distinction" between the wrongdoing underlying the UTSA claim and the non-UTSA claim. See Phoenix Techs. Ltd. v. DeviceVM,

Case No. 09-04697, 2009 U.S. Dist. LEXIS 114996, 2009 WL 4723400, at *4-5 (N.D. Cal. Dec. 8, 2009).

Here, while there are portions of Plaintiff's fiduciary duty claim that could be subject to preemption, there are also facts which were presented to the jury that are based on conduct unrelated to Plaintiff's misappropriation claim. For example, Plaintiff presented evidence that Ghiorso failed to disclose to Shea Tech that at the time Shea Tech was negotiating the sale of its intellectual property to Plaintiff for one million dollars, Gilgwang/Dong Myung was prepared to offer Shea Tech two million dollars for its intellectual property. These facts form an independent nucleus of facts to support a breach of fiduciary duty claim, and the court cannot therefore say as a matter of law that there was no legally sufficient basis for a reasonable jury to find for Plaintiff on this claim.[8] Plaintiff's breach of fiduciary duty claim is not preempted by the CUTSA, and Defendants' motion is **DENIED**.

Dated: January 26, 2012

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\ATS V. GHIORSO\ORDER ON Ds RULE 50 MOTION.wpd

---

[8] Defendants could have avoided this result had they raised the preemption issue earlier by filing appropriate pretrial motions or objections to the proposed jury instructions.

8