UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATS PRODUCTS INC., <br><br> Plaintiff(s), <br><br> v. <br><br> FRANK GHIORSO, THERMALGUARD TECHNOLOGY LLC, THERMALGUARD LLC, <br><br> Defendant(s). | No. C10-4880 BZ <br><br> **ORDER ON DEFENDANTS' MOTION TO AMEND FINDINGS OF FACT AND CONCLUSIONS OF LAW AND PERMANENT INJUNCTION** |

Defendants move pursuant to Rule 52(b) of the Federal Rules of Civil Procedure to amend the Findings of Fact and Conclusions of Law ("Findings") and the Permanent Injunction issued on January 27, 2012 (Docket No. 271).[1] Defendants assert that the Findings contain nine errors that either misstate or are not supported by the evidence in the record, and that the Permanent Injunction is improper because it binds parties not before the court and is enforceable for an

---

[1] All parties have consented to magistrate judge jurisdiction for all proceedings including entry of final judgment, pursuant to 28 U.S.C. § 636(c).

1

improper length of time.  I have considered Defendants' arguments and find that, except to the extent noted in this order, Defendants have failed to establish any factual or legal grounds for their motion to amend.[2]

Motions under Rule 52(b) are designed to correct findings of fact which are central to the ultimate decision; the Rule is not intended to serve as a vehicle for a rehearing.  <u>R.C. Fisher v. Cartwright</u> 2011 WL 6025659 (N.D. Cal.); <u>Davis v. Mathews</u>, 450 F. Supp. 308, 318 (E.D. Cal. 1978).  Put differently, Rule 52(b) motions are granted in order to correct manifest errors of law or fact or to address newly discovered evidence or controlling case law.  <u>Fontenot v. Mesa Petroleum Co.</u>, 791 F.2d 1207, 1219-1220 (5th Cir. 1986); <u>Diebitz v. Arreola</u>, 834 F.Supp. 298, 302 (E.D. Wis. 1993); <u>Clark v. Nix</u>, 578 F. Supp. 1515, 1516 (S.D. Iowa 1984).  The purpose of Rule 52(b) is to permit a party to move the trial court to clarify or supplement fact findings to enable the

---

[2] The Local Rules of the United States District Court for the Northern District of California were amended on June 2, 2011 to require that any opposition motion to be served and filed not more than 14 days after the motion is served and filed.  Civ. L.R. 7-3(a).  Pursuant to Civ. L.R. 7-3(a), Plaintiff's opposition or statement of non-opposition to the motion to amend was due no later than March 8, 2012.  Plaintiff filed what it termed an "initial" opposition on that date, and requested leave to file an "amended" opposition by March 13, 2012. (Docket No. 286.)  On March 13, Plaintiff filed an amended opposition. (Docket No. 288.)  Defendants oppose Plaintiff's request to file an amended opposition, arguing that Plaintiff's claim that it did not become aware of its obligation to file an opposition until the day it was due is not excusable given that the ECF docket listing provided Plaintiff with the opposition deadline. (Docket No. 287.)  I agree.  Accordingly, Plaintiff's request to file an amended opposition is **DENIED** and the amended opposition and all exhibits filed in conjunction with it will be disregarded.

appellate court to understand the factual issues determined at trial. Lewis v. Blackburn, 555 F. Supp. 713, 724 (W.D. N.C. 1983). A party may not use a Rule 52(b) motion to introduce any new facts or legal theories that were available to them at trial, much less re-litigate facts and legal theories that have previously been rejected by the court. Fontenot, 791 F.2d at 1219-1220; Diebitz, 834 F.Supp. at 302. Furthermore, a motion to amend a court's factual and legal findings is properly denied where the proposed additional facts would not affect the outcome of the case or are immaterial to the court's conclusions. Weyerhaeuser Co. v. Atropos Island, 777 F.2d 1344, 1352 (9th Cir. 1985); Lyons v. Jefferson Bank & Trust, 793 F.Supp. 989, 991 (D. Colo. 1992), aff'd in part, rev'd in part on other grounds, 994 F.2d 716 (10th Cir. 1993); U.S. v. Anderson, 591 F.Supp. 1, 4 (E.D. Wash. 1982), aff'd in part, rev'd in part on other grounds (citing Purer & Co. v. Aktiebolaget Addo, 410 F.2d 871, 878 (9th Cir. 1969)).

With respect to most of their challenges, Defendants have failed to establish any factual or legal grounds to support amending those findings.[3] A motion to amend findings should not be a means for re-litigating issues upon which the moving party did not prevail at trial. Davis, 450 F. Supp. at 317. I had the benefit of viewing witness demeanor and considered

---

[3] Many of Defendants challenges have to do with the special verdict form submitted to the jury. To the extent, however, that Defendants accepted the special verdict form and did not ask for it to be amended to include the types of findings that Defendants now say the form should have included (see, e.g., Trial Transcript. Vol 9 at 1212:8-25), Defendants have waived those arguments.

3

the testimony in light of the entire record. Defendants may disagree with the Findings, but Defendants have not shown that the Findings are unsupported by the evidence.[4] Evans, Inc. v. Tiffany & Co., 416 F. Supp. 224, 244 (N.D. Ill. 1976). I evaluated and decided all matters brought forth at trial, which my Findings reflect.

That said, to expedite any appeal, the following two findings are **AMENDED** as follows:

Part of Paragraph 21 now reads:

> While working at Shea Tech, Ghiorso had complete access to the Shea trade secrets. Ghiorso understood that Shea Tech expected him to keep such information confidential. The jury found that he breached that duty with respect to at least one trade secret and I concur with the jury's finding.

Part of Paragraph 22 now reads:

> Second, the weight of the testimony established that it would take many months, if not years, to create a viable and optimized PRF resin, yet Ghiorso claimed it was done in a matter of weeks.

With the exception of the amended findings set forth above, Defendants' motion to amend the Findings is **DENIED**.

Defendants' motion to amend the Permanent Injunction is

---

[4] Indeed, Defendants have failed to introduce either new evidence that was not available at trial or a change in the controlling law that would justify their proposed amendments. In their proffer, Defendants actually cite exclusively to the trial transcripts and exhibits in this case, showing that all of the evidence upon which Defendants rely was available and presented at trial. Motions to amend findings of fact are governed by the "clearly erroneous" standard (see Fed. R. Civ. Pro. 52(a)), and where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous. Anderson v. Bessemer City, 470 U.S. 564, 574 (1985). This is so even when the findings are based entirely on documentary evidence. Krehl v. Baskin-Robbins Ice Cream Co., 664 F.2d 1348, 1352 (9th Cir. 1982). I also note that many of Defendants' proposed amendments would not affect the outcome of the case and are immaterial to my conclusions (see Weyerhaeuser, 777 F.2d at 1352).

1  also **DENIED**. Defendants' have failed to show that the length
2  of the Permanent Injunction is impermissible. The Permanent
3  Injunction specifically states, "Pursuant to California Civil
4  Code §3426.2(a), Defendants may be relieved from any portion
5  of this injunction by proving to the court that any of the
6  Shea trade secrets referred to in paragraph 57 which they are
7  enjoined from using have ceased to exist as trade secrets."
8  (Docket No. 271.) This temporal restriction is authorized by
9  the governing statute and is in conformance with similar
10 restrictions courts have enforced. See, e.g., Morlife, Inc.
11 v. Perry, 56 Cal. App. 4th 1514 (1997) (stating that the
12 duration of the injunction was "not necessarily forever,"
13 since the court noted in its statement of decision that
14 termination could be sought under Civ. Code, § 3426.2(a)).

   Moreover, Defendants' attempt to "clarify" the injunction
16 regarding whether it extends to defendant Thermalguard, LLC,
17 Champion Fiberglass and Chris Fish is not well-taken. The
18 Permanent Injunction specifically prohibits each named
19 defendant and "anyone in active concert or in participation
20 with any of them," who receives notice of the injunction from
21 "[u]sing, copying, modifying, disseminating, making, buying,
22 selling and/or distributing or assisting another in using,
23 copying, modifying, disseminating, making, buying, selling
24 and/or distributing" the listed trade secrets and resins. To
25 the extent that either Champion Fiberglass or Chris Fish act
26 in concert with or participate with any of the Defendants by
27 engaging in the enjoined conduct as it pertains to the
28 itemized trade secrets or resins, those individuals or

entities may violate the injunction. Defendants' attempt to exclude certain individuals and entities (including a named defendant) from the scope of the injunction runs afoul of its underlying purpose, which is to prohibit the further dissemination of Plaintiff's trade secrets and protect Plaintiff from further losses to its competitive advantage.

For the reasons and to the extent set forth above, **IT IS ORDERED** that Defendants' motion to amend the Findings and Permanent Injunction is **GRANTED IN PART** but otherwise **DENIED**. Defendants' motion for partial stay of execution of judgment is **DENIED** as moot.

Dated: March 28, 2012

Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\ATS V. GHIORSO\ORDER ON DS MOT TO AMEND FINDINGS OF FACT AND PERMANENT INJUNCTION v.4.wpd