UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATS PRODUCTS INC., <br><br> Plaintiff(s), <br><br> v. <br><br> FRANK GHIORSO, THERMALGUARD TECHNOLOGY LLC, THERMALGUARD LLC, <br><br> Defendant(s). | No. C10-4880 BZ <br><br> **ORDER ON PLAINTIFF'S MOTION TO RE-TAX COSTS** |

Before the court is Plaintiff's motion to re-tax costs. Plaintiff requested $39,935.45 for fees associated with printed or electronically recorded transcripts, and the Clerk allowed $17,316.40. Plaintiff now seeks the remainder.

The determination of taxable costs is governed by 28 U.S.C. § 1920 and, more particularly, Civil L.R. 54-3, which specifically enumerates the standards for costs recoverable in this District. This court may only tax costs explicitly authorized by section 1920. See Alflex Corp. v. Underwriters Labs., Inc., 914 F.2d 175, 177-78 (9th Cir. 1990); see also

1

Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987). Section 1920 permits the taxing of costs for various items, such as deposition transcripts and copying of papers, if they are "necessarily obtained for use in the case." 28 U.S.C. § 1920. With this framework in mind, each item of costs sought by Plaintiff is discussed below.

**Daily Transcript Costs**

Civil Local Rule 54-3 provides that, with exceptions not relevant here, "[t]he cost of other [reporter's] transcripts is not normally allowable unless, before it is incurred, it is approved by a Judge or stipulated to be recoverable by counsel." Civ. L.R. 54-3(b)(3). Plaintiff did not obtain the court's approval or a stipulation before incurring the cost of daily transcripts.[1] While there is some authority for permitting recovery of trial transcript costs "under unusual circumstances," see MEMC Elec. Materials v. Mitsubishi Materials, Case No. 01-4925, 2004 U.S. Dist. LEXIS 29359, WL 5361246, at *2 (N.D. Cal. Oct. 22, 2004), Plaintiff has not demonstrated that such circumstances are present here. Thus, Defendants' objections to these costs is **SUSTAINED**.[2]

---

[1] Plaintiff erroneously relies on my request that the parties prepare charts referencing the testimony as the basis for its contention that I approved the cost of daily transcripts. I made that request because I knew that one of the parties had ordered daily transcripts; I would not have made this request had the transcripts not existed.

[2] In its reply, Plaintiff asserts that the parties agreed to split costs of the transcripts. Plaintiff provided no proof of this agreement and Defendants dispute that any such agreement was entered into by the parties.

2

**Pre-Trial Hearing Transcript Costs**

By statute, fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case are recoverable. 28 U.S.C. § 1920(2). The local rules do not permit recovery of costs of transcripts unless necessarily obtained for an appeal or unless a statement by a judge from the bench is to be reduced to a formal order. Civ. L.R. 54-3(b). If neither of these conditions is satisfied, and without prior court approval or stipulation by the parties, "[t]he cost of . . . transcripts is not normally allowable." Id. Thus, the costs of pre-trial hearing transcripts are not normally allowable, and Plaintiff has failed to establish that the transcripts were "necessarily obtained." 28 U.S.C. § 1920(2). Defendants' objections are **SUSTAINED**.

**Videotaped Deposition Costs**

Civil Local Rule 54-3(c)(1) provides for recovery of "[t]he cost of an original and one copy of any deposition (including video taped depositions)." Plaintiff separately claimed the costs of obtaining one original and one copy of the stenographic deposition transcripts of Frank Ghiorso, Christopher Fish, Goran Haag and Louis Pilato, and is not entitled to the additional cost of obtaining a videotape of these depositions.[3] It is not clear from the cost bill

---

[3] The cost of only one method of recording the deposition is allowable. Federal Rule of Civil Procedure 30 authorizes videotaped depositions as an alternative to traditional stenographic depositions, and provides that the noticing party bears the recording costs. See Fed. R. Civ. P. 30(b)(3)(A)-(B). Local Rule 54-3 shifts the burden of payment

1   whether Plaintiff obtained a stenographic original and a copy
2   of the deposition of John Warner, or whether Plaintiff
3   obtained the video and a copy of the video, and Defendants do
4   not address this issue.  See <u>Russian River Watershed Prot.</u>
5   <u>Comm. v. City of Santa Rosa</u>, 142 F.3d 1136, 1144 (9th Cir.
6   1998) (the losing party has the burden of overcoming the
7   presumption in favor of awarding costs to the prevailing
8   party).  Thus, Defendants' objections to these costs is
9   **SUSTAINED** except for the costs of the videotaped deposition of
10  John Warner, which shall be taxed in the amount of $85.

**Expert Witness Deposition Attendance Costs**

12          Plaintiff is not entitled to recover the deposition
13  appearance fees it paid expert witnesses Louis Pilato and
14  David Cowen (items 63 and 65).  Local Rule 54-3(e) governs
15  taxing of costs for witness expenses, and states, "[p]er diem,
16  subsistence and mileage payments for witnesses are allowable
17  to the extent reasonably necessary and provided for by
18  [section 1821].  No other witness expenses, including fees for
19  expert witnesses, are allowable."  In other words, under
20  section 1920, unless the expert is court appointed, see 28
21  U.S.C. § 1920(6), the only fees that are recoverable as
22  witness fees under section 1920(3) are those allowed by
23  statute for a witness' attendance at court or a deposition.

---

to the non-prevailing party; however, the word "copy" in the
local rule refers to a "copy" of the "original," whatever form
that may take.  Thus, in the present case, Plaintiff may
recover the cost of an original transcript and one copy -- or
the cost of a videotape, plus one copy, but not the cost of an
original, a copy *and* a videotaped copy.

4

1 See 28 U.S.C. § 1821.[4] This amounts to $40 per day, plus
2 subsistence.[5] See Crawford Fitting, 482 U.S. at 442; see also
3 Landeis v. Future Ford, Case No. 04-2733, 2007 WL 1795776, at
4 *1 (E.D. Cal. June 21, 2007).

5     Plaintiff has not identified or documented any charges
6 for either witness' subsistence. Thus, Plaintiff can recover,
7 as costs, only $40.00 of the requested $2,880 sought for Louis
8 Pilato and $40.00 of the requested $425 for David Cowen. The
9 Clerk shall tax costs accordingly.

10 **Business Record Subpoena Costs**

11     Plaintiff seeks, and Defendants challenge, the recovery
12 of costs incurred in serving subpoenas on the following
13 deponents: the Custodian of Records of Spundstrand, Inc.,
14 Hybrid Plastics, Inc., Max Technologies, LLC, NIC, Inc., Bank
15 of America, American Express Travel, and Heritage Bank (item
16 nos. 73-81). Plaintiff states that these documents were
17 necessarily subpoenaed and obtained in order to confirm
18 Ghiorso's employment dates at Shea Technology and all amounts
19 paid to him, and to prove Shea Technology's insolvency.
20 Defendants argue that they never disputed the amounts paid by

---

[4] Section 1821(a)(1) provides that "[e]xcept as otherwise provided by law, a witness in attendance at any court of the United States . . . or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section."

[5] A witness "shall be paid an attendance fee of $ 40 per day for each day's attendance" and shall be paid "the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance." 28 U.S.C. § 1821(b).

5

1  Shea Technology to Ghiorso, or Shea Technology's insolvency,
2  and that there were other documents that Shea Technology could
3  have used from its own records, such as 1099 forms, in lieu of
4  subpoenaing documents.

5  District courts must exercise discretion in determining
6  whether to allow certain costs. See Amarel v. Connell, 102
7  F.3d 1494, 1523 (9th Cir. 1996) (holding that the district
8  court has discretion to determine what constitutes a taxable
9  cost within the meaning of § 1920); Alflex, 914 F.2d at 177
10 (same). Here, Plaintiff seeks its business record subpoena
11 costs under section 1920(2), and under Local Rule 54-3(c)
12 subsections (1) and (3)-(5).

13 Section 1920(2) permits the court to tax as costs "[f]ees
14 for printed or electronically recorded transcripts necessarily
15 obtained for use in the case." The cost of obtaining records
16 is not a transcript fee within the scope of section 1920(2).
17 I nonetheless conclude that the subpoena fees and copying fees
18 are recoverable under section 1920(4) as "fees for
19 exemplification and copies of papers necessarily obtained for
20 use in the case." 28 U.S.C. § 1920(4); see also Charboneau v.
21 Severn Trent Labs., Case No. 04-116, 2006 U.S. Dist. LEXIS
22 16877, 2006 WL 897131, at *6 (W.D. Mich. Apr. 6, 2006).
23 Plaintiff submitted sufficient documentation to support an
24 award of these costs, including the number of copies made and
25 the rate per page, and the burden is on Defendants to
26 demonstrate why these costs should not be awarded. Stanley v.
27 Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999).
28 Defendants fail to submit evidence that the subpoenaed records

were somehow duplicative or otherwise not obtained by Plaintiff under a reasonable belief that the documents could be necessary for issues at trial. See <u>Terry v. Allstate Ins. Co.</u>, Case No. 05-2261, 2007 U.S. Dist. LEXIS 81051, 2007 WL 3231716, at *12-13 (E.D. Cal. Oct. 31, 2007) (citing <u>United States EEOC v. W&O Inc.</u>, 213 F.3d 600, 623 (11th Cir. 2000) ("[I]n evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue.") Defendants' objections are therefore **OVERRULED** and the Clerk shall tax item numbers 73-81, in the amount of $2,005.76.

Accordingly, the Clerk shall allow and tax the costs of the witness attendance fees noted above ($80 total), as well as the fee for the videotaped copy of the deposition of John Warner ($85 total), and the business record subpoena fee and copying costs ($2,005.76). The remainder of Plaintiff's motion is **DENIED**.

Dated: April 10, 2012

Bernard Zimmerman
United States Magistrate Judge