1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11                                    )
    ATS PRODUCTS INC.,                )
12                                    )        No. C10-4880 BZ
              Plaintiff(s),           )
13                                    )        **ORDER ON PLAINTIFF'S MOTION**
         v.                           )        **TO RE-TAX COSTS**
14                                    )
    FRANK GHIORSO, THERMALGUARD )
15  TECHNOLOGY LLC, THERMALGUARD)
    LLC,                              )
16                                    )
              Defendant(s).           )
17    _____ )

18

19         Before the court is Plaintiff's motion to re-tax costs.

20   Plaintiff requested $39,935.45 for fees associated with

21   printed or electronically recorded transcripts, and the Clerk

22   allowed $17,316.40.  Plaintiff now seeks the remainder.

23         The determination of taxable costs is governed by 28

24   U.S.C. § 1920 and, more particularly, Civil L.R. 54-3, which

25   specifically enumerates the standards for costs recoverable in

26   this District.  This court may only tax costs explicitly

27   authorized by section 1920.  See Alflex Corp. v. Underwriters

28   Labs., Inc., 914 F.2d 175, 177-78 (9th Cir. 1990); see also

                                  1

1   <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 442
2   (1987).  Section 1920 permits the taxing of costs for various
3   items, such as deposition transcripts and copying of papers,
4   if they are "necessarily obtained for use in the case."  28
5   U.S.C. § 1920.  With this framework in mind, each item of
6   costs sought by Plaintiff is discussed below.

7   **Daily Transcript Costs**

8         Civil Local Rule 54-3 provides that, with exceptions not
9   relevant here, "[t]he cost of other [reporter's] transcripts
10  is not normally allowable unless, before it is incurred, it is
11  approved by a Judge or stipulated to be recoverable by
12  counsel."  Civ. L.R. 54-3(b)(3).  Plaintiff did not obtain the
13  court's approval or a stipulation before incurring the cost of
14  daily transcripts.[1]  While there is some authority for
15  permitting recovery of trial transcript costs "under unusual
16  circumstances," <u>see</u> <u>MEMC Elec. Materials v. Mitsubishi</u>
17  <u>Materials</u>, Case No. 01-4925, 2004 U.S. Dist. LEXIS 29359, WL
18  5361246, at *2 (N.D. Cal. Oct. 22, 2004), Plaintiff has not
19  demonstrated that such circumstances are present here.  Thus,
20  Defendants' objections to these costs is **SUSTAINED**.[2]

21

22

23         [1]    Plaintiff erroneously relies on my request that the
24  parties prepare charts referencing the testimony as the basis
    for its contention that I approved the cost of daily
25  transcripts.  I made that request because I knew that one of
    the parties had ordered daily transcripts; I would not have
26  made this request had the transcripts not existed.

27         [2]    In its reply, Plaintiff asserts that the parties
    agreed to split costs of the transcripts.  Plaintiff provided
28  no proof of this agreement and Defendants dispute that any such
    agreement was entered into by the parties.

2

1   **Pre-Trial Hearing Transcript Costs**

2   By statute, fees of the court reporter for all or any
3   part of the stenographic transcript necessarily obtained for
4   use in the case are recoverable.  28 U.S.C. § 1920(2).  The
5   local rules do not permit recovery of costs of transcripts
6   unless necessarily obtained for an appeal or unless a
7   statement by a judge from the bench is to be reduced to a
8   formal order.  Civ. L.R. 54-3(b).  If neither of these
9   conditions is satisfied, and without prior court approval or
10  stipulation by the parties, "[t]he cost of . . . transcripts
11  is not normally allowable."  Id.  Thus, the costs of pre-trial
12  hearing transcripts are not normally allowable, and Plaintiff
13  has failed to establish that the transcripts were "necessarily
14  obtained."  28 U.S.C. § 1920(2).  Defendants' objections are
15  **SUSTAINED**.

16  **Videotaped Deposition Costs**

17  Civil Local Rule 54-3(c)(1) provides for recovery of
18  "[t]he cost of an original and one copy of any deposition
19  (including video taped depositions)."  Plaintiff separately
20  claimed the costs of obtaining one original and one copy of
21  the stenographic deposition transcripts of Frank Ghiorso,
22  Christopher Fish, Goran Haag and Louis Pilato, and is not
23  entitled to the additional cost of obtaining a videotape of
24  these depositions.[3]  It is not clear from the cost bill

25

26  _____
    [3]       The cost of only one method of recording the
    deposition is allowable.  Federal Rule of Civil Procedure 30
27  authorizes videotaped depositions as an alternative to
    traditional stenographic depositions, and provides that the
28  noticing party bears the recording costs.  See Fed. R. Civ. P.
    30(b)(3)(A)-(B).  Local Rule 54-3 shifts the burden of payment

3

1   whether Plaintiff obtained a stenographic original and a copy

2   of the deposition of John Warner, or whether Plaintiff

3   obtained the video and a copy of the video, and Defendants do

4   not address this issue. See Russian River Watershed Prot.

5   Comm. v. City of Santa Rosa, 142 F.3d 1136, 1144 (9th Cir.

6   1998) (the losing party has the burden of overcoming the

7   presumption in favor of awarding costs to the prevailing

8   party). Thus, Defendants' objections to these costs is

9   **SUSTAINED** except for the costs of the videotaped deposition of

10   John Warner, which shall be taxed in the amount of $85.

11   **Expert Witness Deposition Attendance Costs**

12       Plaintiff is not entitled to recover the deposition

13   appearance fees it paid expert witnesses Louis Pilato and

14   David Cowen (items 63 and 65). Local Rule 54-3(e) governs

15   taxing of costs for witness expenses, and states, "[p]er diem,

16   subsistence and mileage payments for witnesses are allowable

17   to the extent reasonably necessary and provided for by

18   [section 1821]. No other witness expenses, including fees for

19   expert witnesses, are allowable." In other words, under

20   section 1920, unless the expert is court appointed, see 28

21   U.S.C. § 1920(6), the only fees that are recoverable as

22   witness fees under section 1920(3) are those allowed by

23   statute for a witness' attendance at court or a deposition.

24

25

26 to the non-prevailing party; however, the word "copy" in the
local rule refers to a "copy" of the "original," whatever form
27 that may take. Thus, in the present case, Plaintiff may
recover the cost of an original transcript and one copy -- or
the cost of a videotape, plus one copy, but not the cost of an
28 original, a copy *and* a videotaped copy.

4

1    See 28 U.S.C. § 1821.[4]  This amounts to $40 per day, plus
2    subsistence.[5]  See Crawford Fitting, 482 U.S. at 442; see also
3    Landeis v. Future Ford, Case No. 04-2733, 2007 WL 1795776, at
4    *1 (E.D. Cal. June 21, 2007).

5         Plaintiff has not identified or documented any charges
6    for either witness' subsistence.  Thus, Plaintiff can recover,
7    as costs, only $40.00 of the requested $2,880 sought for Louis
8    Pilato and $40.00 of the requested $425 for David Cowen.  The
9    Clerk shall tax costs accordingly.

10   **Business Record Subpoena Costs**

11        Plaintiff seeks, and Defendants challenge, the recovery
12   of costs incurred in serving subpoenas on the following
13   deponents: the Custodian of Records of Spundstrand, Inc.,
14   Hybrid Plastics, Inc., Max Technologies, LLC, NIC, Inc., Bank
15   of America, American Express Travel, and Heritage Bank (item
16   nos. 73-81).  Plaintiff states that these documents were
17   necessarily subpoenaed and obtained in order to confirm
18   Ghiorso's employment dates at Shea Technology and all amounts
19   paid to him, and to prove Shea Technology's insolvency.
20   Defendants argue that they never disputed the amounts paid by

21

22        [4]    Section 1821(a)(1) provides that "[e]xcept as
     otherwise provided by law, a witness in attendance at any court
23   of the United States . . . or before any person authorized to
     take his deposition pursuant to any rule or order of a court of
24   the United States, shall be paid the fees and allowances
     provided by this section."
25

26        [5]    A witness "shall be paid an attendance fee of $ 40
     per day for each day's attendance" and shall be paid "the
     attendance fee for the time necessarily occupied in going to
27   and returning from the place of attendance at the beginning and
     end of such attendance or at any time during such attendance."
28   28 U.S.C. § 1821(b).

1   Shea Technology to Ghiorso, or Shea Technology's insolvency,
2   and that there were other documents that Shea Technology could
3   have used from its own records, such as 1099 forms, in lieu of
4   subpoenaing documents.

5         District courts must exercise discretion in determining
6   whether to allow certain costs.  See Amarel v. Connell, 102
7   F.3d 1494, 1523 (9th Cir. 1996) (holding that the district
8   court has discretion to determine what constitutes a taxable
9   cost within the meaning of § 1920); Alflex, 914 F.2d at 177
10  (same).  Here, Plaintiff seeks its business record subpoena
11  costs under section 1920(2), and under Local Rule 54-3(c)
12  subsections (1) and (3)-(5).

13        Section 1920(2) permits the court to tax as costs "[f]ees
14  for printed or electronically recorded transcripts necessarily
15  obtained for use in the case."  The cost of obtaining records
16  is not a transcript fee within the scope of section 1920(2).
17  I nonetheless conclude that the subpoena fees and copying fees
18  are recoverable under section 1920(4) as "fees for
19  exemplification and copies of papers necessarily obtained for
20  use in the case."  28 U.S.C. § 1920(4); see also Charboneau v.
21  Severn Trent Labs., Case No. 04-116, 2006 U.S. Dist. LEXIS
22  16877, 2006 WL 897131, at *6 (W.D. Mich. Apr. 6, 2006).
23  Plaintiff submitted sufficient documentation to support an
24  award of these costs, including the number of copies made and
25  the rate per page, and the burden is on Defendants to
26  demonstrate why these costs should not be awarded.  Stanley v.
27  Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999).
28  Defendants fail to submit evidence that the subpoenaed records

1  were somehow duplicative or otherwise not obtained by
2  Plaintiff under a reasonable belief that the documents could
3  be necessary for issues at trial.  See Terry v. Allstate Ins.
4  Co., Case No. 05-2261, 2007 U.S. Dist. LEXIS 81051, 2007 WL
5  3231716, at *12-13 (E.D. Cal. Oct. 31, 2007) (citing United
6  States EEOC v. W&O Inc., 213 F.3d 600, 623 (11th Cir. 2000)
7  ("[I]n evaluating copying costs, the court should consider
8  whether the prevailing party could have reasonably believed
9  that it was necessary to copy the papers at issue.")
10  Defendants' objections are therefore **OVERRULED** and the Clerk
11  shall tax item numbers 73-81, in the amount of $2,005.76.

12      Accordingly, the Clerk shall allow and tax the costs of
13  the witness attendance fees noted above ($80 total), as well
14  as the fee for the videotaped copy of the deposition of John
15  Warner ($85 total), and the business record subpoena fee and
16  copying costs ($2,005.76).  The remainder of Plaintiff's
17  motion is **DENIED**.
18  Dated: April 10, 2012

                        Bernard Zimmerman
                        United States Magistrate Judge

7